### BURBRIDGE v. SEELY, MORLY, & CO.

Vender of goods in possession—fraud—error in charge to jury.

Where the vender of goods retains the possession of them, the sale is prima facie fraudulent, and if the claimant under such sale, fail to do away this legal presumption, the sale is fraudulent.

It has been frequently decided so in this state, and that such presumptive fraud may be rebutted.

It is error to charge the jury that such possession is *conclusive* evidence of fraud, and that the jury *must* find the possession left with intention of defrauding creditors.

ERROR to the Common Pleas.   The plaintiff below brought trover for property he purchased of one Wheelock, and the defendants claimed under a subsequent sale by Wheelock, and a delivery.

During the trial, it was offered to prove, that the plaintiffs, in their purchase, gave no credit on their books, which was objected to and overruled, because the books were not present.   And it appearing that at the purchase by the plaintiffs, they left the property in possession of Wheelock, the court charged the jury they *must* find the possession was left *with intention to defraud creditors*, and must find for the plaintiff.

*J. H. Paine*, for the plaintiff in error, cited 7 *Cowen R.* 334; 2 *T. R.* 432; 2 *B. and P.* 59; 1 *T. R.* 91; 4 *Bin. R.* 253; 2 *Munf. R.* 341; 5 *Serg. and R.* 275; 2 *Wend. R.* 489; 2 *K. C.* 433.

*Mathews* and *R. Hitchcock, for the* defendants, cited 1 *Stark.* 359, 60, 389, 90; 8 *John. R.* 348; 12 *John. R.* 323; 3 *Cowen R.* 187 *to* 206; 2 *B. and P.* 59.

BY THE COURT.   In the sale of goods, where the possession is left unchanged, it is prima facie evidence of fraud.   It lies on the claimant, under such sale, to do away this presumption, and if he

[Woolsey *v.* Seely and others.]

fail, the sale is esteemed fraudulent. There may also,be fraud in law, legally deduced from certain acts, even though both parties were strictly honest, and had no intention of fraud. The charge of the court below was against both these principles and the judgment must be reversed, with costs.

Whatever rule obtains in other states, the question is not an open one here, and we must be governed by our laws and practice. It has been frequently ruled in our courts, that possession by the vender, after sale, furnished only prima facie evidence of fraud, which might be rebutted.